1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JOSEPH BECKER,                                   No. 2:16-CV-0195-GEB-CMK-P

12                 Plaintiff,

13         vs.                                                    <u>ORDER</u>

14 K. KESTERSON, et al.,

15                 Defendants.

16 _____/

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19         The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a "... short and plain

25 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26 This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne,</u>

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) K. Kesterson; (2) J. Tout;

(3) Gonzaga; (4) Rotchford; (5) Siemans; and (6) "Warden" at Deuel Vocational Institution

("DVI").  Plaintiff states:

> Plaintiff is recently convicted of a felony, which occurred in prison, and is appealing such conviction to an appellate court.  Plaintiff was dropped off at DVI prison after the conclusion of court proceedings.  Instead of being returned back to Corcoran State Prison where Plaintiff was just prior to court, K. Kesterson unlawfully approved of Plaintiff's arrival at DVI.  J. Tout has failed to take action to return Plaintiff to Corcoran prison.  L.T.A.'s Gonzaga and Rotchford have denied Plaintiff reasonable access to the law library directly resulting in Plaintiff's inability to pursue appeal of the in-prison conviction.  Vice Principal Siemans denied Plaintiff access to the appeals court – same for Warden DVI.

Plaintiff further alleges that he is "being denied reasonable access to the law library resulting in

Plaintiff's inability to exercise his state right to appeal the in-prison felony conviction" and that

defendants are "subjecting Plaintiff to retaliation by holding Plaintiff at DVI prison so as to

prevent Plaintiff's access to a law library directly resulting in Plaintiff's inability to appeal his

criminal conviction in the appeals court."

/ / /

/ / /

/ / /

## II.  DISCUSSION

Plaintiff's complaint suggests three theories of relief.  Primarily, plaintiff appears to allege that defendants have denied him access to the courts with respect to an appeal of his in-prison felony conviction.  Plaintiff also appears to allege that he is being improperly held at DVI.  Finally, plaintiff appears to allege that defendants are retaliating against him by holding him at DVI.

While prisoners have no liberty interest in avoiding being transferred to another prison, see Olim v. Wakinekona, 461 U.S. 238 (1983), prisoners may not be transferred for retaliation for exercising their First Amendment rights, see Pratt v. Rowland, 65 F.3d 802 (9th Cir. 1995).  In this case, plaintiff alleges in a conclusory fashion that defendants are retaliating against him by holding him at DVI.  This allegation is insufficient, however, to state a claim for retaliation.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes,

1   408 F.3d at 568.

2        Here, by referring only to "defendants," plaintiff has not alleged a specific link

3   between any named defendant and the alleged retaliation.  Additionally, though plaintiff has

4   alleged that his confinement at DVI has resulted in an inability to pursue his appeal, plaintiff has

5   not alleged that he was sent to DVI instead of being returned to Corcoran because he engaged in

6   protected activity.  To do so plaintiff would, at a minimum, have to allege facts showing that the

7   individual defendants knew that plaintiff had engaged in protected activity before arriving at

8   DVI, such as pursuing his appeal.  Absent such knowledge, it would be impossible to say that

9   plaintiff's de facto transfer to DVI was a retaliatory act.  Finally, plaintiff has not allege that his

10  placement at DVI did not serve any legitimate penological interest.

11       Turning to plaintiff's primary claim that he was denied access to the courts, the

12  court finds that plaintiff has failed to allege an actual injury sufficient to sustain a claim under

13  § 1983.  As a jurisdictional requirement flowing from the standing doctrine, the prisoner must

14  allege an actual injury.  See Lewis v. Casey, 518 U.S. 343, 349 (1996).  "Actual injury" is

15  prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

16  deadline or present a non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075

17  (9th Cir. 2007).  Delays in providing legal materials or assistance which result in prejudice are

18  "not of constitutional significance" if the delay is reasonably related to legitimate penological

19  purposes.  Lewis, 518 U.S. at 362.

20       Here, plaintiff has not alleged any facts to show how any individual defendant

21  acted to prejudice the appeal of his in-prison felony conviction.  First, plaintiff's allegations that

22  defendants Gonzaga and Rotchford "have denied Plaintiff reasonable access to the law library

23  directly resulting in Plaintiff's inability to pursue appeal of the in-prison conviction" and that

24  defendant Siemans "denied Plaintiff access to the appeals court" and "same for Warden DVI" are

25  entirely conclusory and contain reference to no specific facts as to what these defendants actually

26  did.  Second, these conclusory allegations in no way indicate prejudice – such as inability to meet

1   a filing deadline – with respect to plaintiff's appeal.

2

3                               **III. CONCLUSION**

4          Because it is possible that the deficiencies identified in this order may be cured by

5   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

6   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

7   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

8   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

9   amend, all claims alleged in the original complaint which are not alleged in the amended

10  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

11  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

12  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

13  complete in itself without reference to any prior pleading.  See id.

14         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

16  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

17  each named defendant is involved, and must set forth some affirmative link or connection

18  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

19  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20         Finally, plaintiff is warned that failure to file an amended complaint within the

21  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

22  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

23  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

24  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

25  / / /

26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed with leave to amend; and

2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.


DATED:   February 24, 2016

_Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE